**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM DIVISION**

**Case No.:**

**ASHLEY TAGLIAFERRI,**

> **Plaintiff,**                                                         **COMPLAINT**
> **v.**

**EQUIFAX INFORMATION SERVICES LLC,**
**EXPERIAN INFORMATION SOLUTIONS,**
**INC., TRANS UNION LLC, and NEWREZ, LLC**
**D/B/A SHELLPOINT MORTGAGE,**

                                                           **DEMAND FOR JURY TRIAL**

> **Defendants.**
> _____/

## <u>COMPLAINT</u>

Plaintiff, Ashley Tagliaferri ("Plaintiff"), by and through counsel, files this Complaint against Defendant Equifax, Information Services LLC, ("Defendant Equifax" or "Equifax"), Defendant Experian Information Solutions, Inc., ("Defendant Experian" or "Experian"), Defendant Trans Union LLC, ("Defendant Trans Union" or "Trans Union"), and Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing, ("Defendant  Shellpoint" or "Shellpoint"), pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.      Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

### DEMAND FOR JURY TRIAL

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

3.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## PARTIES

4.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Palm Beach County, Florida.

5.      Defendant Equifax is a Georgia Limited Liability Company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301. Equifax is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

6.      Defendant Experian is an Ohio corporation whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Experian is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

7.      Defendant Trans Union is an Illinois corporation whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301. Trans Union is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

8.      Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing is a Delaware limited liability company whose registered agent is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301 Shellpoint is a "person" as defined by the FCRA, 15 USC §1681a(b).

## GENERAL ALLEGATIONS

9.      This action involves derogatory and inaccurate reporting of a mortgage (the "Account") by Defendant Shellpoint to Plaintiff's credit profile.

10.     In or about March 2024, Plaintiff requested a copy of her credit report from Defendant Equifax. The Equifax Report listed the Account 30 days late for the month of December 2023.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

11.     In or about March 2024, Plaintiff submitted a dispute to Defendant Equifax because the Equifax Report inaccurately showed that the Account 30 days late for the month of December 2023.

12.     On March 22, 2024, Equifax verified that Defendant Shellpoint verified that the Account's payment history was accurate and made changes to its reporting of the Account and changing the date of Plaintiff's payment for October 2023 to September 1, 2023.

13.     In or about March 2024, Plaintiff requested a copy of her credit report from Defendant Experian. The Experian Report listed the Account 30 days late for the month of December 2023 and January 2024.

14.     In or about March 2024, Plaintiff submitted a dispute to Defendant Experian because the Experian Report inaccurately showed that the Account as being 30 days late for the month of December 2023 and January 2024.

15.     In or about March 2024, Experian verified the Account and indicated that Shellpoint certified to Experian that the information was accurate.

16.     In or about March 2024, Plaintiff requested a copy of her credit report from Defendant Trans Union. The Trans Union Report listed the Account 30 days late for the month of December 2023 and January 2024.

17.     In or about March 2024, Plaintiff submitted a dispute to Defendant Trans Union because the Trans Union Report inaccurately showed that the Account 30 days late for the month of December 2023 and January 2024.

18.     In or about March 2024, Trans Union verified the Account and indicated that Shellpoint certified to Trans Union that the information was accurate.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

19.     As of the filing of this complaint, Defendant Experian, Defendant Equifax, and Defendant Trans Union are still reporting the Account inaccurately on Plaintiff's credit reports.

## COUNT 1
## <u>WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT</u>
(Against Defendant Equifax)

20.     Plaintiff incorporates by reference paragraphs ¶¶ 1-19 of this Complaint.

21.     Defendant Equifax prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Account by Defendant Shellpoint and continues to include the same information concerning inaccurate and derogatory reporting of the Account by Defendant Shellpoint.

22.     In or around March 2024, Plaintiff checked her credit report and noticed that there was an inaccurate report from Defendant Shellpoint. Therefore, in or around March 2024, Plaintiff disputed this inaccurate and derogatory information with Equifax.

23.     Defendant Shellpoint verified the alleged 30 days late reporting for the month of December 2023. Despite Equifax having been put on notice of the derogatory and inaccurate reporting, Equifax did not correct the Account's payment history on Plaintiff's Equifax credit report. And instead, Equifax changed the payment date for the month of October 2023 to September 1, 2023.

24.     As of the filing of this complaint, Defendant Shellpoint's derogatory and inaccurate information is still listed on Plaintiff's Equifax credit report.

25.     Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Equifax regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

26.     Equifax is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

27.     Despite Equifax having received Plaintiff's dispute of Defendant Shellpoint's information, Equifax continues to report the Account 30 days late for the month of December 2023.

28.     Continuing to report the payment history of Plaintiff's account in this fashion is significant.

29.     By continuing to report the payment history of Plaintiff's account in this fashion, lenders believe Plaintiff has recently made a late payment when he has not, which reflects on Plaintiff's creditworthiness by impacting her credit score negatively.

30.     Credit scoring algorithms take Plaintiff's payment history into consideration when generating a credit score and showing this incorrect payment history would cause a lower credit score to be generated.

31.     Equifax failed to conduct a reasonable investigation and reinvestigation.

32.     Equifax failed to review and consider all relevant information submitted by Plaintiff.

33.     Equifax failed to conduct an independent investigation and, instead, deferred to Shellpoint, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

34.     Equifax possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Equifax failed to correct the information.

35.     Equifax's reporting of inaccurate information about the Account, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

36.     Equifax did not conduct any independent investigation after it received Plaintiff's

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

dispute and, instead, chose to parrot the information it received from Defendant Shellpoint despite being in possession of evidence that the information was inaccurate.

37.     Without any explanation or reason, Equifax continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

38.     Plaintiff has suffered damages as a result of the incorrect reporting and Equifax's failure to correct the credit report pertaining to Plaintiff.

39.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

40.     Equifax failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Equifax credit report.

41.     Equifax's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

42.     Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

43.    The conduct, action and inaction of Equifax was willful, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

44.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

45.    The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Equifax, was the direct and proximate result of Equifax's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

46.    As a result of the conduct, action, and inaction, of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

47.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**COUNT 2**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Equifax)

48.     Plaintiff incorporates by reference paragraphs ¶¶ 1-19 above of this Complaint.

49.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

50.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

51.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to correct the inaccurate information.

52.     Additionally, Equifax negligently failed to report the account identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

53.     Equifax has negligently failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

54.     The conduct, action, and inaction, of Equifax was negligent, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

55.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

56.     As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

57.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 3**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Experian)

58.     Plaintiff incorporates by reference paragraphs ¶¶ 1-19 of this Complaint.

59.     Defendant Experian prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Account by Defendant Shellpoint and continues to include the same information concerning inaccurate and derogatory reporting of the Account by Defendant Shellpoint.

60.     In or around March 2024, Plaintiff checked her credit report and noticed that there was an inaccurate report from Defendant Shellpoint. Therefore, in or around March 2024, Plaintiff

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

disputed this inaccurate and derogatory information with Experian.

61.     Defendant Shellpoint verified the alleged 30 days late reporting for the month of December 2023 and January 2024. Despite Experian having been put on notice of the derogatory and inaccurate reporting, Experian did not correct the Account's payment history on Plaintiff's Experian credit report.

62.     As of the filing of this complaint, Defendant Shellpoint's derogatory and inaccurate information is still listed on Plaintiff's credit report.

63.     Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Experian regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

64.     Experian is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

65.     Despite Experian having received Plaintiff's dispute of Defendant Shellpoint's information, Experian continues to report the Account's payment history inaccurately.

66.     Continuing to report the payment history of Plaintiff's account in this fashion is significant.

67.     By continuing to report the payment history of Plaintiff's account in this fashion, lenders believe Plaintiff has recently made a late payment when he has not, which reflects on Plaintiff's creditworthiness by impacting her credit score negatively.

68.     Credit scoring algorithms take Plaintiff's payment history into consideration when generating a credit score and showing this incorrect payment history would cause a lower credit score to be generated.

69.     Experian failed to conduct a reasonable investigation and reinvestigation.

70.     Experian failed to review and consider all relevant information submitted by

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Plaintiff.

71.     Experian failed to conduct an independent investigation and, instead, deferred to Defendant Shellpoint, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

72.     Experian possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Experian failed to correct the information.

73.     Experian's reporting of inaccurate information about the Account, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

74.     Experian did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant Shellpoint despite being in possession of evidence that the information was inaccurate.

75.     Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

76.     Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

77.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

78.     Experian failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's dispute of the information contained in Plaintiff's Experian credit report.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

79.     Experian's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

80.     Experian has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

81.     The conduct, action, and inaction of Experian was willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

82.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

83.     The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Experian, was the direct and proximate result of Experian's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

84.     As a result of the conduct, action, and inaction, of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

85.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 4
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

86.     Plaintiff incorporates by reference paragraphs ¶¶ 1-19 of this Complaint.

87.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

88.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

89.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to correct the inaccurate information.

90.     Additionally, Experian negligently failed to report the account identified by

Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

91.     Experian has negligently failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

92.     The conduct, action, and inaction, of Experian was negligent, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

93.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

94.     As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

95.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 5
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (Against Defendant Trans Union)

96.     Plaintiff incorporates by reference paragraphs ¶¶ 1-19 of this Complaint.

97.     Defendant Trans Union prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Account by Defendant Shellpoint and continues to include the same information concerning inaccurate and derogatory reporting of the Account by Defendant Shellpoint.

98.     In or around March 2024, Plaintiff checked her credit report and noticed that there was an inaccurate report from Defendant Shellpoint. Therefore, in or around March 2024, Plaintiff disputed this inaccurate and derogatory information with Trans Union.

99.     Defendant Shellpoint verified the alleged 30 days late reporting for the month of December 2023 and January 2024. Despite Trans Union having been put on notice of the derogatory and inaccurate reporting, Trans Union did not correct the Account's payment history on Plaintiff's Trans Union credit report.

100.    As of the filing of this complaint, Defendant Shellpoint's derogatory and inaccurate information is still listed on Plaintiff's credit report.

101.    Trans Union is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Trans Union regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

102.    Trans Union is a "consumer reporting agency" as defined by § 1681a(f) of the consumers and compiles the information into "credit reports," which it provides to third parties.

103.    Despite Trans Union having received Plaintiff's dispute of Defendant Shellpoint's

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

information, Trans Union continues to report the Account as 30 days late for the month of December 2023 and January 2024.

104.    Continuing to report the payment history of Plaintiff's account in this fashion is significant.

105.    By continuing to report the payment history of Plaintiff's account in this fashion, lenders believe Plaintiff has recently made a late payment when he has not, which reflects on Plaintiff's creditworthiness by impacting her credit score negatively.

106.    Credit scoring algorithms take Plaintiff's payment history into consideration when generating a credit score and showing this incorrect payment history would cause a lower credit score to be generated.

107.    Trans Union failed to conduct a reasonable investigation and reinvestigation.

108.    Trans Union failed to review and consider all relevant information submitted by Plaintiff.

109.    Trans Union failed to conduct an independent investigation and, instead, deferred to Defendant Shellpoint, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

110.    Trans Union possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Trans Union failed to correct the information.

111.    Trans Union's reporting of inaccurate information about the Account, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

112.    Trans Union did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Shellpoint despite being in possession of evidence that the information was inaccurate.

113.    Without any explanation or reason, Trans Union continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

114.    Plaintiff has suffered damages as a result of the incorrect reporting and Trans Union's failure to correct the credit report pertaining to Plaintiff.

115.    On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

116.    Trans Union failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's dispute of the information contained in Plaintiff's Trans Union credit report.

117.    Trans Union's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

118.    Trans Union has willfully and recklessly failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure  to follow reasonable procedures to assure the maximum possible accuracy of the information  reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a  reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Trans Union had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete; and [h] the failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

119.    The conduct, action, and inaction of Trans Union was willful, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

120.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

121.    The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Trans Union, was the direct and proximate result of Trans Union's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

122.    As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

123.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3]  statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence  in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

**COUNT 6**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Trans Union)

124.    Plaintiff incorporates by reference paragraphs ¶¶ 1-19 of this Complaint.

125.    On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

126.    On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

127.    On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to correct the inaccurate information.

128.    Additionally, Trans Union negligently failed to report the account identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

129.    Trans Union has negligently failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow  reasonable procedures to assure the maximum possible accuracy of the information reported; [b]  the failure to correct erroneous personal information regarding Plaintiff after a reasonable request  by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit  information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately  investigate information which Trans Union had notice was inaccurate; [e] the continual placement of  inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the  information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the  accuracy of the information; [g] the failure to promptly delete information

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete; and [h] the failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

130.    The conduct, action, and inaction of Trans Union, was negligent, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

131.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

132.    As a result of the conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

133.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 7**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Shellpoint)

134.    Plaintiff incorporates the paragraphs ¶¶ 1-19 and by reference of this Complaint.

135.    Defendant Shellpoint is a lending company.

136.    In or about March of 2024, Plaintiff checked her credit report and noticed that there was an inaccurate report from Defendant Shellpoint.

137.    In or about March of 2024, Plaintiff submitted disputes of the erroneous and

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

derogatory reporting to Experian, Equifax and Trans Union by Defendant Shellpoint.

134.    In response to the Disputes, Experian, Equifax and Trans Union promptly and properly gave notice to Defendant Shellpoint of the Disputes in accordance with the FCRA.

135.    As of the filing of this complaint, the Account's inaccurate payment history has continued to be verified by Defendant Shellpoint.

136.    Defendant Shellpoint is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

137.    On a date better known by Defendant Shellpoint, Experian, Equifax, and Trans Union promptly and properly gave notice to Defendant Shellpoint of Plaintiff's Disputes in accordance with the FCRA.

138.    In response to the notices received from Experian, Equifax, and Trans Union regarding Plaintiff's Disputes, Defendant Shellpoint did not and otherwise failed to conduct a reasonable investigation into the Account which is the subject of the Dispute.

139.    In response to receiving notice from Experian, Equifax, and Trans Union regarding Plaintiff's Disputes, Defendant Shellpoint failed to correct and/or delete information it knew to be inaccurate and/or which Experian could not otherwise verify.

140.    Instead of conducting a reasonable investigation, Defendant Shellpoint erroneously validated the Account and continued to report inaccurate information to Experian, Equifax, and Trans Union.

141.    On at least one occasion within the past year, by example only and without limitation, Defendant Shellpoint violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

142.    On at least one occasion within the past year, by example only and without

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

limitation, Defendant Shellpoint violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Experian.

143.   On at least one occasion within the past year, by example only and without limitation, Defendant Shellpoint violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to correct or inform Experian, Equifax, and Trans Union about the inaccurate information.

144.   Upon information and belief, Defendant Shellpoint was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Dispute.

145.   Defendant Shellpoint's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Disputes.

146.   As a direct and proximate result of Defendant Shellpoint's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

147.   Defendant Shellpoint's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court October allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

148.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Shellpoint, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 8
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Shellpoint)

149.    Plaintiff incorporates by reference paragraphs ¶¶ 1-19 of this Complaint.

150.    On at least one occasion within the past year, by example only and without limitation, Defendant Shellpoint violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

151.    On one or more occasions within the past year, by example only and without limitation, Defendant Shellpoint violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

152.    On one or more occasions within the past year, by example only and without limitation, Defendant Shellpoint violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to correct the inaccurate information.

153.    When Defendant Shellpoint received notice of Plaintiff's disputes from Equifax, Experian, and Trans Union, Defendant Shellpoint could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

154.    Defendant Shellpoint would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant Shellpoint had reviewed its own systems and previous communications with the Plaintiff.

155.    Defendant Shellpoint's investigation was per se deficient by reason of these failures in Defendant Shellpoint's investigation of Plaintiff's Disputes.

156.    As a direct and proximate result of Defendant Shellpoint's violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to

fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

157.    Defendant Shellpoint's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

158.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Shellpoint awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.


*[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Dated: April 5, 2024

Respectfully Submitted,

/s/ Jennifer G. Simil
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail: jen@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136

*COUNSEL FOR PLAINTIFF*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com